UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM SEERAR MAH,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT and MARKWAYNE MULLIN,<br><br>Respondents. | CASE NO. 2:26-cv-04039-JNW<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## 1. INTRODUCTION

This matter comes before the Court on pro se Petitioner Ibrahim Seerar Mah's petition for a writ of habeas corpus. Dkt. No. 4. Having reviewed the petition, the return, Dkt. No. 7, the traverse,[1] Dkt. No. 10, the relevant record, and all other supporting materials, the Court DENIES the petition for the reasons stated below.

[1] Mah filed his traverse a day late. *See* Dkt. No. 5. Given his pro se and detained status, the Court still considered it.

## 2. BACKGROUND

Mah is a native and citizen of Somalia who entered the United States from Canada without inspection in March 2023. Dkt. Nos. 4 ¶¶ 1, 7; 8 ¶ 4. The Department of Homeland Security (DHS) briefly detained Mah and released him on an Order of Release on Recognizance (OREC). Dkt. Nos. 8 ¶ 6; 9-2 at 2. On April 15, 2025, an Immigration Judge (IJ) denied Mah's applications for immigration relief and ordered him removed. Dkt. No. 8 ¶ 11. Mah appealed to the Board of Immigration Appeals (BIA). Dkt. *Id.* While the appeal was pending, Immigration and Customs Enforcement (ICE) re-detained Mah on September 22, 2025, at a check-in and transported him to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *Id.* ¶ 12; Dkt. No. 4 ¶ 15. On June 4, 2026, the BIA dismissed Mah's appeal and he petitioned the Ninth Circuit for review and moved for a stay of removal. Dkt. No. 8 ¶¶ 15–16. The petition remains pending, and a stay of removal is in effect. *Id.* ¶ 16.

This is Mah's third habeas petition in this District. On February 5, 2026, the Honorable Kymberly K. Evanson granted his first petition, finding that his re-detention violated due process and ordering a bond hearing. *Mah v. ICE Field Off. Dir.*, No. C26-0037-KKE, 2026 WL 309245, at *1 (W.D. Wash. Feb. 5, 2026), *reconsideration denied*, No. C26-0037-KKE, 2026 WL 585797 (W.D. Wash. Mar. 2, 2026).

Mah had that bond hearing on February 11, 2026, and the IJ denied bond, finding that he posed a flight risk and danger to the community based on his immigration history, inconsistent aliases and birthdates in his records, and criminal

history. *Mah v. Scott*, No. 2:26-CV-01243-JNW, 2026 WL 1871878, at *1 (W.D. Wash. June 30, 2026). On March 2, Judge Evanson denied reconsideration of her order. *Mah v. ICE Field Off. Dir.*, No. C26-0037-KKE, 2026 WL 585797, at *1 (W.D. Wash. Mar. 2, 2026).

Mah filed a second habeas petition, contending that his bond hearing was insufficient to remedy the initial due process violation. *Mah*, 2026 WL 1871878, at *1. This Court denied the petition but noted that if Mah's "continued detention later becomes unreasonably prolonged *and indefinite*, he may file another habeas petition at that time on that issue." *Id.* at *3 (citation modified). Mah has now been detained for over 14 months. Dkt. No. 8 ¶ 12. He filed two custody redetermination requests with the Tacoma Immigration Court, both of which the court denied because the court found Mah did not present a change in circumstances. *Id.* ¶¶ 17–18. He filed his third habeas petition in this Court on October 22. Dkt. No. 4.

## 3. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is

unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## 4. DISCUSSION

### 4.1 Mah's continued detention without a second bond hearing does not violate due process.

Mah asks the Court to assess whether his detention is unreasonably prolonged under the factors outlined in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019). Dkt. No. 4 at 20. But *Banda* only applies to petitioners subject to mandatory detention under 8 U.S.C. § 1225(b). 385 F. Supp. at 1118. Because Mah is detained under 8 U.S.C. § 1226(a), Dkt. Nos. 4 at 13–14; 7 at 2, *Banda* does not apply. When a petitioner like Mah has already received one bond hearing, the Ninth Circuit has applied the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022). They weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest. *Mathews*, 424 U.S. at 334–35.

Mah has a strong private interest in "[f]reedom from imprisonment," *Zadvydas*, 533 U.S. at 690, and that interest grows as his detention lengthens. But the Ninth Circuit has found that interest is lessened where a petitioner like Mah received a bond hearing and was subject to an order of removal. *Rodriguez Diaz*, 53 F.4th at 1208. The risk of erroneous process is low, as the Court already found

Mah's bond hearing was constitutionally sufficient and there is no indication that materially changed circumstances exist justifying a second bond hearing. *See id.* at 1209 (citing 8 C.F.R. § 1003.19(e)). Mah points to the length of his detention as the change in circumstances, Dkt. No. 10 at 8, but he identifies nothing new since his last hearing that bears on whether he is a flight risk and "duration alone does not resolve the due process inquiry." *Avila Gamez v. Chestnut*, No. 1:26-CV-04218-KES-HBK (HC), 2026 WL 3408398, at *3 (E.D. Cal. Nov. 10, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1207–10) (citation modified). The Ninth Circuit has rejected the notion that a noncitizen who has received a bond hearing is entitled to another simply because his detention continues. *See Rodriguez Diaz*, 53 F.4th at 1212. Finally, "[t]he government has a significant interest in enforcing the immigration laws and effectuating removal, particularly where a noncitizen has already received an individualized custody determination." *K.S. v. Blanche et al.*, No. 2:26-CV-02378-GJL, 2026 WL 3132150, at *5 (W.D. Wash. Oct. 20, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1208–09). Accordingly, due process does not require a second bond hearing on this record.

**4.2 Mah's detention is not indefinite.**

The Court is mindful that over 14 months in immigration detention is significant. But finding a noncitizen's detention is unconstitutionally prolonged requires consideration of more than the amount of time detained. Mah still does not argue that anything would prevent the Government from removing him to Somalia if his challenge to removal fails, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1064–65

(9th Cir. 2008), nor that he is caught in a "removable-but-unremovable limbo," *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 347 (2005). And none of the cases Mah cites in his declaration are applicable. *See Haidari v. Scott*, No. 2:26-cv-01146-TL, 2026 U.S. Dist. LEXIS 96672, at *2 (W.D. Wash. May 1, 2026) (applying *Banda* factors to a petitioner detained under 8 U.S.C. § 1225(b)); *Haidari v. Scott*, No. 2:26-cv-01655-KKE, 2026 U.S. Dist. LEXIS 125029, at *7 (W.D. Wash. June 5, 2026) (reviewing the IJ's decision denying bond); *Marcos v. Scott*, No. 2:26-cv-01247-RSM, 2026 U.S. Dist. LEXIS 143835, at *4 (W.D. Wash. June 29, 2026) (denying habeas petition under *Banda*); *Abdelmasseh v. Scott*, No. 2:26-cv-01681-KKE, 2026 U.S. Dist. LEXIS 140391, at *1 (W.D. Wash. June 24, 2026) (reviewing the IJ's decision denying bond). Because Mah offers no "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," he has not made a showing of *unconstitutionally* prolonged detention. *Zadvydas*, 533 U.S. at 701 (citation modified).

**4.3 Mah presents no other basis for relief.**

Mah also claims his counsel in his second habeas petition was ineffective. Dkt. No. 4 at 19. The Government argues this claim has no connection to whether Mah's current detention is lawful. Dkt. No. 7 at 9. The Court agrees, and the claim fails on the merits regardless. Mah argues his lawyer provided ineffective assistance because his lawyer argued his detention was unreasonably prolonged under *Zadvydas*, which Mah asserts does not apply to his case. Dkt. No. 4 at 19. That is incorrect. As the Court previously found, the Ninth Circuit has held that

detentions under "§ 1226(a), like § 1231(a)(6), also does not authorize indefinite detention." *Prieto-Romero*, 534 F.3d at 1063. Accordingly, "[c]onsistent with *Zadvydas*," the Ninth Circuit held "the Attorney General's detention authority under § 1226(a) [i]s limited to the period reasonably necessary to bring about [a noncitizen's] removal from the United States, even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (citation modified).

The Court denied Mah's claim in his second habeas petition only because he had not made the showing *Zadvydas* required–that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701–not because *Zadvydas* did not apply. Mah presents no other basis for finding counsel in his previous habeas petition was ineffective. There is no evidence counsel improperly used artificial intelligence and, while the Court disagreed with counsel's arguments in Mah's second petition, there is no indication counsel was ineffective.

Mah also argues that his re-detention violated due process and that neither a bond hearing nor any other after-the-fact remedy can cure that violation. Dkt. No. 4 at 15–17. But Judge Evanson already found Mah's re-detention violated due process and provided an appropriate remedy. As the Court noted in its previous order, it will not revisit that issue here. *Mah*, 2026 WL 1871878, at *2. Nor will it revisit whether Mah's bond hearing cured the violation because the Court already found Mah could not show the hearing denied him due process. *Id.* at *3. And while Mah contends the Government cannot cure his unlawful re-detention by relabeling it as

detention under 8 U.S.C. § 1226(a), Dkt. No. 4 at 16, a bond hearing under that statute was the very remedy that Judge Evanson ordered, *Mah*, 2026 WL 309245, at *4, and Mah previously conceded that § 1226(a) governs his detention, Dkt. Nos. 4 at 13–14; 7 at 2.

Because the Court denies this petition on substantive grounds, it need not reach the Government's argument that Mah must first exhaust his administrative remedies. If Mah's continued detention becomes unreasonably indefinite because there is no likelihood of removal, he may file another habeas petition. And if Mah's circumstances materially change, he may request a new custody determination under 8 C.F.R. § 1003.19(e).

## 5. CONCLUSION

In sum, the Court DENIES Mah's third petition for writ of habeas corpus without prejudice. Dkt. No. 4. Mah's request that the Court order the Government not to transfer him from this District while he waits for a bond hearing, Dkt. No. 4 at 27, is DENIED as MOOT.

Dated this 25th day of November, 2026.

Jamal N. Whitehead
United States District Judge